| BAYOU CONSTRUCTION GROUP, LLC | * | NO. 2022-CA-0249 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CITY OF NEW ORLEANS, TKTMJ, INCORPORATED, CP GRACE & ASSOCIATES, INCORPORATED, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, JANE DOE, JOHN DOE, JANE SMITH & JOHN SMITH | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-05079, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Rachael D. Johnson)


Stephen M. Smith
STEPHEN M. SMITH & ASSOCIATES, LLC
1425 North Broad Street
Suite 201
New Orleans, LA 70119


      COUNSEL FOR PLAINTIFF/APPELLANT


Scott Hedlund
TKTMJ, INC.
100 Harbor Circle
New Orleans, LA 70126


      COUNSEL FOR DEFENDANT/APELLEE, TKTMJ, INC.

Melissa M. Lessell
Keith J. Bergeron
Blair E. Boyd
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APELLEE, C.P. GRACE &
ASSOCIATES, INC.

Seth A. Schmeeckle
Mathew D. Fraser
LUGENBUHL WHEATON PECK RANKIN & HUBBARD
601 Poydras Street
Suite 2775
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE, TRAVELERS CASUALTY
AND SURETY COMPANY OF AMERICA

**AFFIRMED**

**NOVEMBER 23, 2022**

DLD
EAL
RDJ

This case arises out of a dispute concerning a Louisiana Public Works project, the plaintiff, Bayou Construction Group, LLC ("Bayou"), appeals a district court judgment, which: (1) granted (a) the peremptory exceptions of prescription filed by defendant TKTMJ, Inc. ("TKTMJ") and defendant Travelers Casualty and Surety Company of America ("Travelers"); (b) the peremptory exception of peremption filed by defendant CP Grace & Associates, Inc. ("CP Grace"); (c) the peremptory exception of no right of action filed by defendant Travelers; and (d) the peremptory exception of res judicata filed by defendant TKTMJ; as well as (2) dismissed all claims against the defendants with prejudice. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

In 2017, the City of New Orleans ("the City") let out for public bid a project to replace the existing docks of the Municipal Yacht Harbor and install a new state of the art floating dock system and a new two-story comfort station. One of the bidding requirements for this project was a bid bond, which guaranteed a bidding

1

general contractor's ability to secure a payment and performance bond for the value of the project.

In preparation for submitting its bid on the project, TKTMJ entered into discussions with several potential subcontractors and suppliers as well as its bonding agent, CP Grace, to secure the necessary bid bonds. CP Grace, in turn, contacted Travelers to confirm that Travelers would underwrite the payment and performance bonds if TKTMJ was successful in its bid. It was determined that Travelers would underwrite, provided that all major subcontractors would also provide commensurate payment and performance bonds in favor of TKTMJ for their subcontract work.

On October 3, 2017, TKTMJ submitted its bid on the project in accordance with Louisiana Public Bid Law. Following the bid opening, TKTMJ was identified as the second lowest bidder and it submitted additional information, including the Disadvantaged Business Enterprise ("DBE") Compliance Form-1.[1] That form identifies the DBE's which, at the time of bidding, the low bidders anticipate entering into subcontracts with and what their possible contract value would be in order to determine if the bidders intend to meet the City's DBE participation goal. On DBE Form-1, TKTMJ listed possible subcontractors as Bayou, SSE Metal Fabrications and Louisiana Energy Solutions, LLC.

---

[1] DBE participation in the project is a "goal" and not a requirement. There is an alternative form, DBE Form-2, that bidders can submit showing their "Good Faith Efforts" to reach the DBE participation goal if they fail to actually meet that goal.

Ultimately, the project was awarded to TKTMJ in February of 2018.[2] Throughout February and March of 2018, discussions took place between TKTMJ and representatives of several prospective subcontractors about the scope of work that would be included in a subcontract, what materials and equipment would be necessary, how long the payment terms would likely be in dealing with a public entity and the need for bonding.

On March 17, 2018, TKTMJ and Bayou met at TKTMJ's office to review the project and Bayou's capabilities. At the meeting, Bayou revealed that it did not have the equipment necessary to perform the work of the project but intended to acquire the equipment before the start of work. There were also several items not in Bayou's original proposal, which would "cost the City more." By March 23, 2018, TKTMJ was actively seeking to assist Bayou with obtaining the required subcontractor bond by putting Bayou directly in touch with CP Grace.

On April 27, 2018, Bayou revealed to TKTMJ that it had made no progress in preparing for the project since the March meeting. Bayou also informed TKTMJ that it would not be able to secure the required bond.[3] TKTMJ then offered to accept some additional risk and allow Bayou to provide an irrevocable line of credit in lieu of a bond. Bayou, however, suggested a different possible solution: TKTMJ could contract with Bayou, but then allow Bayou to subcontract

_____

[2] On October 12, 2017, TKTMJ protested the suggested award of the project to another bidder and subsequently filed a writ of mandamus in Orleans Parish Civil District Court. In February 2018, Judge Kern Reese issued a judgment directing the City to award the contract for the project to TKTMJ. *TKTMJ, Inc. v. City of New Orleans*, CA No. 2017-12291 (L-6).

[3] On May 3, 2018, TKTMJ also received a letter from CP Grace confirming that Bayou "did not meet the underwriting criteria or guidelines for bonding" and "suggesting" that a different subcontractor who could provide the required bond be engaged.

all of the work to Cycle Construction, a non-DBE entity. TKTMJ rejected this proposal.

On or about May 4, 2018, TKTMJ made the decision to pursue negotiating a subcontract with a different certified DBE, namely APC Construction Company, LLC ("APC").[4] On May 7, 2018, at the direction of the City's Office of Supplier Diversity ("OSD"), TKTMJ submitted a DBE Form-4, which contained the paperwork required to identify to the City a change in the entities working with TKTMJ to meet the DBE participation goal. Also on May 7, 2018, in an email in response to a letter from Bayou, TKTMJ informed Bayou that TKTMJ had engaged other subcontractors to perform the scope of work previously discussed with Bayou and made it clear that TKTMJ would not be entering into a contract with Bayou. On June 22, 2018, TKTMJ received formal approval from the OSD acknowledging TKTMJ's decision to subcontract with APC instead of Bayou.

On May 13, 2019, Bayou filed two almost identical lawsuits against TKTMJ and the City in Orleans Parish Civil District Court. One was assigned to Division L and the other was assigned to Division N. In the case assigned to Division N, CP Grace and Travelers were also named as defendants. In response to the petition for damages filed in Division N, the defendants filed peremptory exceptions of prescription, peremption, no cause of action, and no right of action.

A hearing on the exceptions took place before the district court in Division N on October 30, 2019. At the hearing, the district court granted Travelers'

---

[4] TKTMJ entered into a sub-contract with APC on May 25, 2018.

exception of no cause of action, but granted Bayou 30 days to amend its petition to properly articulate fraud claims. At the close of the hearing, the district court took the other exceptions under advisement. Bayou filed a supplemental and amended petition for damages on November 30, 2019. On December 20, 2019, the district court issued a judgment in favor of the defendants and against the plaintiff. The district court granted the exceptions of prescription filed on behalf of the City, TKTMJ, and Travelers; the district court also dismissed Bayou's claims against these defendants with prejudice. The district court also granted CP Grace's exception of peremption and dismissed the plaintiff's claims against CP Grace. Bayou appealed the district court's judgment on February 18, 2019.

In the case in the Division L, TKTMJ raised separate exceptions against Bayou. Although Bayou was properly served, Bayou did not file any opposition to the exceptions or even appear in court. As a result, all claims in the lawsuit against TKTMJ in Division L were dismissed with prejudice on January 24, 2020. This judgment was never appealed.

On May 12, 2021, this Court vacated Division N's December 20, 2019 judgment on procedural grounds and remanded the matter to the district court because Bayou's amended petition filed on November 30, 2019 was not considered by the district court. *Bayou Construction Group, LLC v. City of New Orleans*, 2020-0353 (La. App. 4 Cir. 5/12/21), 320 So.3d 1219. However, this Court also noted that "the Amended Petition does not provide any additional particular facts with respect to Bayou's tort fraud claim against Defendants." *Id.*

5

After the case was remanded, a hearing took place on December 10, 2021, where the remaining defendants[5], TKTMJ, Travelers, and CP Grace, re-urged their previously granted peremptory exceptions, with TKTMJ adding an exception of res judicata based upon the final judgment from Division L. On January 10, 2022, the district court denied TKTMJ's, Travelers's, and CP Grace's motions to dismiss Bayou's amended petition as untimely. However, the district court granted: (1) Travelers's exception of no right of action and dismissed with prejudice all of Bayou's contract claims against Travelers; (2) TKTMJ's exceptions of res judicata and prescription and dismissed with prejudice all of Bayou's claims against TKTMJ; (3) Travelers's exception of prescription and dismissed with prejudice all of Bayou's tort claims against Travelers; and (4) CP Grace's exception of peremption and dismissed with prejudice all of Bayou's claims against CP Grace. In light of its other rulings, the district court found that Travelers's exception of no cause of action moot. Finally, the district court declared that its January 10, 2022 judgment was a final judgment.

**DISCUSSION**

On appeal, Bayou raises the following assignments of error: (1) the district court erred in granting Travelers' and TKTMJ's exceptions of prescription as Bayou's tort claims against defendants were filed within the one-year liberative prescriptive period which did not commence until Bayou's right of action in tort came into being when the OSD removed Bayou from the project on June 22, 2018;

---

[5] The City of New Orleans had been dismissed from this lawsuit.

(2) the district court erred in granting defendants' exceptions of prescription as to Bayou's contractual claims which were filed within the ten-year prescriptive period for personal actions; (3) the district court erred in granting CP Grace's exception of prescription as the one-year prescriptive period provided in La. R.S. 9:5606(A) does not apply in cases of fraud and as Bayou's fraud claims against CP Grace were filed within the one-year prescriptive period that only commenced when the OSD removed Bayou from the project; (4) the district court erred in granting CP Grace's exception of peremption as Bayou's claims against CP Grace were filed within La. R.S. 9:5606(A)'s one-year preemptive period which commenced upon Bayou's discovery of CP Grace's tortious conduct; (5) the district court erred in granting TKTMJ's exception of res judicata in light of the exceptional procedural circumstances in this case; and (6) the district court erred in granting Travelers' exception of no right of action as Bayou, a tort victim, has a right of action against Travelers, an alleged co-tortfeasor.

***Assignment of Error No. 1***

In its first assignment of error, Bayou contends that the district court erred in granting Travelers' and TKTMJ's exceptions of prescription claiming that Bayou's tort claims against the defendants were filed within the one-year liberative prescriptive period[6], which did not commence until Bayou was removed from the project by the OSD on June 22, 2018. We find that this assignment of error is contrary to the evidence in the record before this Court. "When evidence is

---

[6] La. C.C. art. 3492.

received on the trial of the peremptory exception of prescription, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard as articulated in *Stobart v. State through DOTD*, 617 So.2d 880 (La. 1993)." *Dent v. Dent*, 2016-1010, p. 2 (La. App. 4 Cir. 5/31/17), 221 So.3d 194, 196.

In the instant case, Bayou was a potential subcontractor that the general contractor, TKTMJ, communicated with about the possibility of working on the project to redevelop the old municipal yacht harbor. The trial court found that there was no evidence of a contractual relationship between Bayou and TKTMJ or any of the other defendants. Bayou was simply unable to meet certain financial criteria for the award of a subcontract. Bayou also could not be bonded. This necessitated TKTMJ'S finding another DBE subcontractor to fill the position that Bayou hoped to secure. As such, it was TKTMJ who "removed" Bayou from the project and not OSD. OSD did not have the authority or the ability to remove a subcontractor from the project. Furthermore, it was on May 7, 2018, when TKTMJ informed Bayou that it was no longer being considered, however, Bayou did not file its lawsuit until May 13, 2019. "Prescription begins to run against a claimant when he obtains actual or constructive knowledge of facts indicating a cause of action." *Barbe v. American Sugar Refining, Inc.*, 2011-0544, p. 12 (La. App. 4 Cir. 12/14/11), 83 So.3d 75. In the instant case, not only is Bayou's claim for any tortious act prescribed on its face, Bayou also had actual knowledge

indicating a cause of action on May 7, 2018. Accordingly, we find no merit in Bayou's first assignment of error.

**Assignment of Error No. 2**

In its second assignment of error, Bayou contends that the district court erred in granting the defendants' exceptions of prescription as to Bayou's contractual claims which were filed within the ten-year prescriptive period for personal actions. As stated above, the trial court found no evidence of Bayou having a contractual relationship with any of the named defendants. Our review of the evidence in the record before this Court reveals the same. "The existence or non-existence of a contract is a question of fact, and the trial court's determination of this issue will not be disturbed unless manifestly erroneous or clearly wrong." *Read v. Willwoods Community*, 2014-1475, p. 6 (La. App. 5 Cir. 3/17/15), 165 So.3d 883 *citing DePodesta v. Beaux*, 2012-1594, p. 6 (La. App. 4 Cir. 5/29/13), 116 So.3d 1017, 1021. Accordingly, we find no merit in Bayou's second assignment of error.

**Assignment of Error No. 3**

In its third assignment of error, Bayou contends that the district court erred in granting CP Grace's exception of peremption. Bayou asserts that the one-year peremptive period provided in La. R.S. 9:5606(A) does not apply in cases of fraud and that Bayou's fraud claims against CP Grace were filed within the one-year prescriptive period that commenced when the OSD removed Bayou from the project.

9

Louisiana Civil Code Article 3458 states: "Preemption is a period of time fixed by law for the existence of a right." The peremptory exception of peremption is a procedural device by which a defendant may obtain dismissal of an action that is time-barred. *See* La. C.C.P. art. 923. In general, the party raising the peremptory exception of peremption bears the burden of proof. *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1361 (La. 1992). However, if peremption is evident from the face of the pleadings, it is the plaintiff who bears the burden of showing the action has not been preempted. *Id.*, (*citing Lake Providence Equipment Co. v. Tallulah Production Credit Assoc.*, 241 So.2d 506 (La. 1970)). On the trial of the peremptory exception of peremption, evidence may be introduced to support or controvert any of the objections pleaded, when grounds thereof do not appear from the petition. *See* La. C.P.P. art. 931. When evidence has been introduced, the court is not authorized to accept the plaintiffs' allegations in the petition as true. *Waldrop v. Hurd*, 39,855 p.7 (La. App 2 Cir. 6/29/05), 907 So.2d 890, 894.

La. R.S. 9:5606 A, which sets forth the time limitations for bringing a claim against an insurance agent, provides in pertinent part:

> no action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, . . . shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

In the instant case, the district court found that all of Bayou's claims against CP Grace were preempted by La. R.S. 9:5606 A. The evidence presented at the

original hearing on the exceptions and made part of the record in this case establishes that by May 7, 2018, Bayou had both actual and constructive knowledge of the bonding requirement, CP Grace's involvement in trying to secure a bond, and that it would not be performing any work on the project. Bayou is also precluded from alleging fraud in this appeal. The argument regarding fraud was never raised before the district court and accordingly is now waived. Therefore, we find no merit in Bayou's third assignment of error.

### *Assignment of Error No. 4*

In its fourth assignment of error, Bayou contends that the district court erred in granting CP Grace's exception of peremption as Bayou's claims were filed within La. R.S. 9:5606(A)'s one-year peremptive period which commenced upon Bayou's discovery of CP Grace's tortious conduct. However, the record establishes that Bayou had actual notice of its bond requirement and that CP Grace had denied Bayou's bond request more than one year before Bayou filed its lawsuit on May 13, 2019. Bayou also had actual knowledge that it would not be performing any work in connection with the project more than one year before bringing this action. Accordingly, Bayou's claims against CP Grace were preempted.

### *Assignment of Error No. 5*

In its fifth assignment of error, Bayou contends that the district court erred in granting TKTMJ's exception of res judicata in light of the exceptional procedural circumstances in this case.

Bayou filed two lawsuits in Orleans Parish Civil District Court against TKTMJ that were identical as to that defendant (one in Division N and the other in Division L). As such, TKTMJ was compelled to respond to both lawsuits and filed

11

exceptions in each case. In Division N, Bayou's claims were twice dismissed and twice appealed. In Division L, Bayou did not oppose TKTMJ's exceptions. As such, the trial court in Division L granted the exceptions and dismissed Bayou's claims against TKTMJ with prejudice. The judgment from Division L was never appealed and is now final. These are not exceptional procedural circumstances.

The claims raised against TKTMJ in the lawsuit in Division L were identical to those raised by Bayou against TKTMJ in Division N. Accordingly, there is a res judicata effect upon Bayou's claims against TKTMJ now and we find no error in the district court's granting TKTMJ's exception of res judicata.

### Assignment of Error No. 6

In its sixth assignment of error, Bayou contends that the district court erred in granting Travelers' exception of no right of action as Bayou, a tort victim, has a right of action against Travelers, an alleged co-tortfeasor.

Travelers' exception of no right of action sought to establish that Bayou has no contract-based claims against Travelers under the performance and payments bonds. In fact, Bayou stipulated that it was not asserting such claims, and conceded that Travelers' no right of action exception was to be granted. As discussed in more detail above Bayou's purported tort claim against Travelers was separately disposed of by way of the exception of prescription. Bayou cannot now complain that the district court erred in granting Travelers' exception of no right of action when Bayou conceded at the hearing that the exception dismissing all contract claims against Travelers was to be granted. As such, this assignment of error is without merit.

**CONCLUSION**

For the above and foregoing reasons, we affirm the judgment of the district court granting the various exceptions in favor of the defendants in this case and the dismissal of Bayou's claims against them.

**AFFIRMED**